The SHARON STEEL · CORPORATION and the Carpentertown Coal & Coke Company, Plaintiffs,

v.

The VJR COMPANY and James Cook, Sr., Defendants.

Civ. A. No. 84–753.

United States District Court, W.D. Pennsylvania.

July 19, 1984.

Robert J. Cindrich, Pittsburgh, Pa., for plaintiffs.

William Pietragallo, Pittsburgh, Pa., for defendants.

## OPINION

WEBER, District Judge.

Defendants in this antitrust action have filed a Motion to Dismiss under Rules 12(b)(1) and 12(b)(6) alleging lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. This Motion is in response to Plaintiffs' Complaint and Amended Complaint which allege a violation of the Sherman Act, 15 U.S.C. § 1 et seq. Both parties have supplied the Court with briefs supporting their respective positions in regard to Defendants' Motion to Dismiss. In addition, Defendants have filed a supplemental Reply To Plaintiffs' Response in which they request an Order directing discovery for a period of thirty days limited to the issue of subject matter jurisdiction, or, in the alternative, that Plaintiffs' Complaint be dismissed. Plaintiffs oppose this suggestion. For the reasons stated below, we will deny Defendants' Motion to Dismiss, as well as their request for a period of limited discovery.

■ Defendants' Motion must be denied unless it appears beyond doubt that Plaintiffs can prove no set of facts in support of their claim that would entitle them to relief. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In deciding Rule 12 Motions, the Court must rely solely on averments in the Complaint and Amended Complaint. Defendants allege that these averments lack any factual basis on which the Court can conclude that it has subject matter jurisdiction since Plaintiffs do not allege any nexus between the bid rigging activities alleged and interstate commerce. The Court disagrees with this analysis, and believes that the Complaint sets forth sufficient effect on interstate commerce to support subject matter jurisdiction. The trucking and hauling activities performed by Defendants on behalf of Carpentertown, though local in nature, meet the "substantial and adverse effect" requirement as interpreted in the Third Circuit's decisions. *Cardio-Medical Associates, Ltd. v. Crozer-Chester Medical Center*, 721 F.2d 68 (3rd Cir.1983); *Thomas Englert d/b/a Northeast Electrical Inspection Agency v. City of McKeesport, et al.*, 736 F.2d 96, (1984). The fact that Defendants were being paid to perform the trucking and hauling activities by a facility which itself is engaged in the mining, production, purchasing and sale of coal in interstate commerce satisfies the Sherman Act's jurisdictional requirements.

■ Defendants next indicate that their motion should be granted due to Plaintiffs' failure to state a cause of action upon

which relief can be granted since Plaintiffs fail to allege with any particularity the nature of the Plaintiffs' injury. Plaintiffs' Complaint alleges that Plaintiffs have been injured in their trade and business by having been denied the benefit of competitive bidding for trucking and hauling services as well as by the illegal use by Defendants of Plaintiffs' blanket purchase orders. Plaintiffs further state that the exact amount of damage suffered is not presently ascertainable. (Plaintiffs' Amended Complaint at 9). This Court finds the damages alleged by the Plaintiff to be sufficient to satisfy the requirements of Federal Rule of Civil Procedure 8. All that Plaintiffs need to allege is "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiffs have satisfied this requirement by alleging economic injury which was caused by specific illegal conduct of the Defendants which if proved would constitute an antitrust violation. Since we are here addressing a Fed.R.Civ.P. 12(b)(6) Motion, all allegations of the Complaint are deemed to be true. *Walker Process Equip. v. Food Mach. & Chem. Corp.*, 382 U.S. 172, 86 S.Ct. 347, 15 L.Ed.2d 247 (1965). Defendants' Motion to dismiss will be denied and an appropriate order will issue.